The opinion of the court was delivered by
Watkins, J.
Petitioners, as widow and heirs of William M. Scott, ■deceased son of Susan A. Scott, also deceased, claim as heirs of their .■said grandmother to be the joint owners by inheritance of an undivided one-half interest in the plantation in Richland parish, known as the Home place, which contains 291 acres of valuable land, well improved and in a high state of cultivation, and the rental value of which is stated to be $500 per annum. They demand rents for several years and to be placed in possession of the property. The averments of their petition are that, during the lifetime of their father and grandmother, the latter consented to a mortgage on another plantation of hers, known as the Greek place, which contained 760 acres, as security for a debt of the former to H. F. Gwin & Oo. of $5000. That Miss Mary P. Kincaid, of the State of Mississippi, having acquired an interest in said note and mortgage, she brought suit against their father on the note and obtained personal judgment thereon, and, as against their grandmother, she obtained the recognition of and right to enforce her mortgage on the Turkey Greek plantation.
Under this judgment this plantation was seized and offered for sale, .and, failing to bring two-thirds of its appraisement at the cash offering, it was readvertised for sale for whatever it would bring on twelve months’ credit. At the second offering, the property was adjudicated to Wm. W. Scott, at the price of $1100, for which amount he executed a twelve months’ bond. At its maturity he made default, and same property was again seized under execution on the bond, and Miss Kincaid became the adjudieatee at the stated price of $800, which *768 sum., less cost, was credited on the writ and twelve months’ bond-Soon after these occurrences Mrs. Susan A. Scott died, and the defendant, Wm. H. Scott, was appointed administrator of her succession and obtained an order of court to sell all the property thereof for the- purpose of paying its debts. At the sale, which took place on the 23d of March, 1884, Walter M. Scott, a brother of the administrator, became the adjudicatee of the E.ome plantation.
The further averment is made that their grandmother owed no-debts at the time of her death, and there was no necessity of an administration on her succession. That the adjudication to Walter M. Scott was a fraudulent simulation, he having paid no price therefor, and his ^brother, the administrator, having and retaining the actual physical possession of the property at the time and subsequently. That Miss Kincaid made a simulated and fictitious transfer to Walter M. Scott'of the balance which appeared to be due her on the twelve months’ bond, and he assumed to receipt and surrender-same to the administrator in satisfaction of his bid — -except for a small amount, which he did not pay. That, in point of fact, said twelve months’ bond had not been transferred to Walter M. Scott, but had been forgiven and released by Miss Kincaid, in consideration of her purchase of the Turkey Creek plantation for the small sum of $300, as stated.
There seems to be no serious controversy about the correctness of the plaintiffs’ statement of their case, except with regard to the reality and bona fides of the administrator’s adjudication of the-Home place to Walter M. Scott, the reality and validity of which the defendants affirm.
But a casual inspection of the record of the suit and judgment of Mary Kincaid against Mrs. Susan A. Scott et al. discloses that a personal judgment was rendered therein against the administrator of Warren M. Scott alone, and that judgment was rendered against Mrs. Susan A. Scott only to the extent of recognizing and enforcing the mortgage she executed on the Turkey Creek plantation as security for her son’s debt, and no personal judgment was rendered against her for the debt. She subsequently became the security of W. W. Scott on the twelve months’ bond for $1100. This was only a contract of suretyship, which represented a contingent liability on the-part of Mrs. Susan A. Scott, and entitled her to a previous discussion of the property of her principal on the bond. But it was treated by *769 the administrator and all parties concerned as an unconditional obligation of hers, and made one of the grounds on which her succession was administered, and the basis fpr the order of sale of the property of her estate. The administrator’s prooes verbal of sale to Walter M. Seott shows that he paid the- amount of his bid by crediting the twelve months’ bond, but the proof shows that the bond had been transferred to him by Miss KJncaid three days before the sale was made to him, and that the consideration of the transfer was a conveyance to Miss Kincaid of a small tract of forty acres^of land which formed a part of the Turkey Creek place, and which had been accidentally omitted from the proees verbal Of adjudication to her when she purchased same. But Walter M. Scott only acquired this forty acres when the adjudication at succession sale was made to him. Thus we find that the matter stands this way: Miss Kincaid failed to get title to the whole of Turkey Creek place by forty acres; hence the succession sale was made of it and the Home place to Walter M. Scott. He made use of the twelve months’ bond of Miss Kincaid in making the acquisition; and when the property was adjudicated to him, he conveyed the forty acres to her, and retained the Home place. By this means Miss Kincaid perfected and completed her title to the Turkey Creek place, and W. M. Scott expected to obtain title to the Home place for nothing.
We are of opinion that the .plaintiffs have made out their case, and that the judgment in their favor for one undivided half interest in the property should be affirmed.
The plaintiffs, however, ask an amendment of the judgment in respect to rents of 1883, 1884, 1885 add 1886, insisting that the proof is just as clear in reference to the defendant’s occupancy of the property during those years as it is in regard to the subsequent years for which allowance was made. As we have already found that Wm. H. Scott was the acting and duly qualified administrator of Mrs. Susan A. Scott, and has been recognized as such by this court, and that he had an apparent right to sell the property under an order of court, we are of opinion that plaintiffs are entitled to recover rent from the 1st of March, 1884, atthe rate of one-half of $500 per annum, until the date of the delivery of possession.
Plaintiffs complain of the reservation in the judgment appealed from, allowing the defendants to institute suit for improvements • erected on the property during their occupancy of it.
*770 In Heirs of Wood vs. Nicholls, 33 An. 744, a somewhat similar case, we held the defendant to have been a possessor in bad faith and liable for rents, but we said: “Defendant is undoubtedly entitled to necessary expenses for the preservation of the property under Art. 2314, O. 0., and to a proper adjustment of his claims for constructions ar-d improvements under Art. 508, O. O.
“We find not even plausibility in the contention that this article does not refer to possessors in bad faith.” P. 751.
We think that opinion furnishes a correct exposition of the rights of possessors in bad faith,,and that the judge a quo was correct in making the reserve he did.
The judgment should be amended so as to award plaintiffs rent from the 1st of March, 1884.
It is therefore ordered and decreed that the judgment appealed from be so amended as to allow plaintiffs rent at the rate of one-half the amount of $500 per annum from the 1st of March, 1884, until the date of defendants’ delivery of possession; and that, as thus amended, the same be affirmed, and that all costs be taxed against the defendants and appellants.